## KNOX
### v.
### GREAT WEST LIFE ASSUR. CO. et al.
### No. 11928.

United States Court of Appeals
Sixth Circuit.
April 14, 1954.

Frederick Yates, Detroit, Mich., for appellant.

William H. Granse, Phillip Nusholtz, Donald W. Loria and Fred W. Kaess, Detroit, Mich., for appellees.

Before McALLISTER and MILLER, Circuit Judges, and FORD, District Judge.

PER CURIAM.

This case was heard upon the transcript of record, the briefs of the parties, and the arguments of counsel in open court. The contention that Title 26 U.S.C.A. § 3671 is unconstitutional is without merit. The claim of the United States is based upon its tax lien created and existing under Title 26 U.S.C.A. §§ 3670 and 3671. A federal tax lien may take effect without assessment, notice, or recordation. See Detroit Bank v. United States, 317 U.S. 329, 337, 63 S. Ct. 297, 87 L.Ed. 304. Here, the lien, under the above statutory provisions, arose at the time the assessment list was received by the Collector; and notice and demand for payment were issued to the

taxpayer prior to the time that appellant's claimed interest in the fund in question was acquired; and such a lien is valid and takes priority over claims and liens arising subsequent thereto. Citizens State Bank of Barstow v. Vidal, 10 Cir., 114 F.2d 380. Exemptions provided by state laws are ineffective against the statutory liens of the United States for federal taxes. United States v. Heffron, 9 Cir., 158 F.2d 657. The provisions for judicial review of federal tax assessments satisfy the requirements of due process of law. Phillips v. Commissioner, 283 U.S. 589, 597, 51 S. Ct. 608, 75 L.Ed. 1289.

In accordance with the foregoing, and for the reasons set forth in the opinion of Judge Thornton, 109 F.Supp. 207, the judgment of the district court is affirmed.