UNITED STATES, Plaintiff,

v.

Heman H. McGUIRE, et al., Defendants.

Civ. A. No. 77–170.

United States District Court,
E.D. Kentucky.

Aug. 6, 1982.

Thomas L. Self, Asst. U.S. Atty., Lexington, Ky., for plaintiff.

Ora Duval, Olive Hill, Ky., Rufus Lisle and Robert M. Beck, Jr., Lexington, Ky., for defendants.

BERTELSMAN, District Judge:

### Order

The matter is before the court on the defendant's motion for summary judgment.

On 9/10/75, the U.S. Tax Court entered decisions determining an income tax liability against defendant of $180,981.92 plus interest for 1949 through 1961. On 12/30/77, the U.S. brought this action in this court to reduce the federal income tax assessment against defendant to judgment, to set aside a conveyance of stock as being a fraud on creditors, and to foreclose the federal tax lien against that stock. On 4/17/78, this court entered judgment against defendant in favor of the U.S. in the amount of $111,778.10. Accordingly, the remaining issues in this case are the latter two.

In a separate administrative action, the I.R.S. initiated garnishment proceedings on defendant's teacher retirement benefits. Pursuant to these proceedings, the U.S. has collected $7,756.32 from these benefits and will continue to collect on these benefits at a rate of $309.78 per month. The defendant has responded by filing for summary judgment.

The defendant states that the payments to plaintiff are exempt from legal process by plaintiff under KRS § 161.700, which provides that retirement benefits are "exempt from any state or municipal tax, are not subject to execution, garnishment, attachment or other process . . . ." Defendant claims that, since defendant has not

assigned these benefits, they are being illegally garnished by plaintiff. Accordingly, defendant requests a refund of $7,756.32 and an order requiring plaintiff to cease and desist this mode of collection.

The plaintiff argues that, since no cross-claim or counterclaim has been filed by defendant, this relief cannot be granted. Further arguing this in a permissive counterclaim, plaintiff contends defendant has failed to establish jurisdiction as is required.

Also, plaintiff argues that the claim is barred by 26 U.S.C. § 7421(a), which provides (except for exceptions inapplicable in this case), "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."

The defendant replies by stating that there is no inconsistency between KRS § 161.700 and the IRS's right to collect taxes. Rather than seeking an injunction, he is asking that plaintiff be ordered to stop its illegal action, and that the money already collected be restored.

### Analysis

Defendant should have filed his claim as a counterclaim, rather than as a motion for summary judgment. However, for purposes of this analysis, it shall be treated as if there had been a proper filing.

■ Assuming defendant had followed proper procedure, a counterclaim like any other claim against the U.S. could be made only if the Government had waived its immunity from suit on that claim. 6 Wright & Miller, Federal Practice & Procedure, § 1427 (1969). In the present case, though, 26 U.S.C. § 7421(a) expressly prohibits this action.

■ The object of this section is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. The specific purpose is to permit the U.S. to assess and collect taxes allegedly due without judicial intervention and to require that the legal rights to the disputed sum be determined in a suit for refund. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct.

1125, 8 L.Ed.2d 292 [9 AFTR 2d 1594] (1962). In *Enochs,* however, the court noted the section did not apply if two conditions were met: (1) if it is clear that under no circumstances could the Government ultimately prevail and (2) equity jurisdiction exists. See *Hendrix v. U.S.,* 327 F.2d 971 [13 AFTR 2d 766] (6th Cir.1964).

The first condition is not met; it is not clear that the Government cannot prevail. The only exemptions from a federal tax levy are provided in 26 U.S.C. § 6334(a). These exemptions do not include a state created retirement fund. Thus, the enforcement of the levy is authorized by the Internal Revenue Code.

■ Further, the argument offered by the defendant, that the funds are exempted by KRS § 161.700, is without merit. The courts have widely recognized that a state cannot exempt property from the income tax created by Congress. *Kieferdorf v. Commissioner,* 142 F.2d 723 [32 AFTR 728] (9th Cir.1944); *Knox v. Great West Life Assur. Co.,* 109 F.Supp. 207 [43 AFTR 67] (D.C.Mich.1952), aff'd., 212 F.2d 784 [45 AFTR 1508] (6th Cir.1954). The Kentucky Attorney General recognized this rule in concluding that the teacher retirement benefits at issue here were not exempt from levy by the U.S. Government. OAG–67–424.

Since this condition of the exception to § 7421 is absent, and since both conditions must be met, the exception does not apply. It should be noted, though, that defendant does not even allege irreparable harm, an element of equity jurisdiction. Accordingly, the action is barred by § 7421.

■ Although not presented by defendant, it could be argued that, in requesting return of the benefits already collected, defendant is seeking a refund. Such is not barred by § 7421. However, before an income tax refund suit can be maintained in a federal district court, there must be full payment of the assessment and a claim for refund filed with the Secretary which is rejected. 26 U.S.C. § 7422; *Flora v. U.S.,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 [5

AFTR 2d 1046] (1959); *Drake v. U.S.*, 355 F.Supp. 710 [32 AFTR 2d 73–6266] (E.D.Mo. 1973). In the present case, these requirements are not met, nor alleged to have been met.

The court, having thoroughly considered the issue to determine whether this action is barred by 26 U.S.C. § 7421, is of the opinion that the action is barred. In accordance therewith, it is ordered that defendant's motion for summary judgment be, and it is hereby overruled.