**In the Matter of Michael D. BROWN and Kathleen Brown, Debtors.**

**Bankruptcy No. MM7–85–02581.**

United States Bankruptcy Court, W.D. Wisconsin.

April 1, 1987.

James E. Quackenbush, Madison, for Blazer Financial.

Richard B. Jacobson, Borns, Macaulay & Jacobson, Madison, Wis., for debtors.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Michael and Kathleen Brown filed a joint petition for relief under chapter 7 of the Bankruptcy Code on December 26, 1985. At that time the Browns were indebted to Blazer Finance Company ("Blazer") in the amount of $397.60. Blazer had a purchase money security interest[1] in the Kirby vacuum cleaner the Browns purchased for more than $500.00 with the money borrowed from Blazer. Blazer has not filed a financing statement to perfect its security

---

1. WIS. STAT. § 409.107(2) (1985–86). WIS. STAT. § 409.302(d) (1985–86) requires the filing of a financing statement to perfect a security interest in consumer goods having a purchase price in excess of $500.00.

interest. In their schedule of debts, the Browns have listed Blazer's claim as unsecured.

The meeting of creditors was held on January 27, 1986, and the last date for filing proofs of claim was April 28, 1986.[2] Neither Blazer nor any other party in interest has filed a proof of claim on Blazer's behalf. After the creditor's meeting the trustee filed a report declaring this a no asset case. This court granted the Browns their discharges on May 16, 1986.

The Browns have claimed property worth $1,025.00 as exempt under § 522(d)(3), including the collateral under Blazer's security interest. They have not sought specifically to have Blazer's security interest avoided under section 522(f). On May 14, 1986, the Browns moved this court for determination of Blazer's secured status. Blazer contends its lien is unaffected by this bankruptcy and seeks to replevin its collateral. On July 1, 1986, at a hearing on the Browns' motion, the Browns appeared by their attorney Richard B. Jacobson and Blazer appeared by its attorney James E. Quackenbush.

By their motion the Browns seek to deny Blazer any allowed secured claim and to avoid Blazer's lien pursuant to 11 U.S.C. § 506(d). 11 U.S.C. § 506(d) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Under section 506(d), if a creditor has a claim against the bankruptcy estate which the court does not allow as a secured claim for grounds other than those stated in section 506(d)(1) or (d)(2), then the lien securing the claim will be void. However, if the

---

2. Bankruptcy Rule 3002(c).

disallowance of the claim as secured is based upon one of the grounds stated in section 506(d)(1) or (d)(2), the lien will not be void and will pass through bankruptcy unaffected.

For a secured claim to be "allowed" it must be filed pursuant to Bankruptcy Rules 3001–3006. In their letter brief the Browns request permission to file a proof of claim for Blazer. This request, if granted, may circumvent section 506(d)(2). It is necessary, therefore, to consider first whether and under what circumstances a debtor may file a proof of claim on a creditor's behalf.

A creditor may file a claim on its own behalf pursuant to 11 U.S.C. § 501(a). "This subsection is permissive only and does not require filing of a proof of claim by any creditor." H.R.Rep. No. 595, 95th Cong. 1st Sess. 351 (1977); S.Rep. No. 989, 95th Cong. 2d Sess. 61 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5847, 6307. If a creditor fails to "timely" file a proof of such creditor's claim, the debtor or the trustee may file a proof of claim on the creditor's behalf. 11 U.S.C. § 501(c). According to the legislative history of section 501(c): "The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed." 1978 U.S.Code Cong. & Admin.News 5787, *supra*, at 5847, 6307.

Bankruptcy Rule 3004 designates the first date on which a debtor or trustee may file a proof of claim on a creditor's behalf:

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and

the trustee. The creditor may thereafter file a proof of claim pursuant to Rule 3002 or Rule 3003, which proof when filed shall supersede the proof filed by the debtor or trustee.

Thus the Browns could have filed a proof of claim for Blazer anytime after the date of the first meeting of creditors, January 28, 1986.[3]

Whereas Bankruptcy Rule 3004 provides the first date on which the debtor or trustee may file a proof of claim on the creditor's behalf, Bankruptcy Rule 3002(c) provides the last date[4] on which a proof of claim may be filed by any entity.

Bankruptcy Rule 3002(c) provides:

In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code ...

"[T]he weight of authority treats this filing period as mandatory and immutable." *Wilkens v. Simon Brothers, Inc.*, 731 F.2d 462, 464 (7th Cir.1984) (footnote omitted). *Wilkens* interpreted former Bankruptcy Rule 13–302(e)(2) rather than the current Bankruptcy Rule 3002(c), but it is still applicable because:

Subdivision (c) [of Rule 3002] is adapted from former Bankruptcy Rule 302(e) but changes the time limits on the filing of claims in chapter 7 and 13 from six months to 90 days after the first date set for the meeting of creditors. Bankruptcy Rule 3002 advisory committee's notes.

Citing *Wilkens* the Bankruptcy Appellate Panel of the Ninth Circuit stated that "Rule 3002(c) is intended to provide an absolute bar to claims filed after 90 days after the § 341 meeting. Under prior law, 'the weight of authority' treated the bar date as 'mandatory and immutable' and as

---

**3.** This case was noticed to creditor as a "no asset" case and creditors were advised:

> It appears from the schedules of the debtor that there are no assets from which any dividend can be paid to creditors. It is unnecessary for any creditor to file his claim at this time in order to share in any distribution from the estate. If it subsequently appears

that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims.

**4.** Claims filed after the date specified may be able to participate in a distribution only after all timely filed claims are satisfied. *See* 11 U.S.C. § 726(a)(2).

a 'statute of limitations not subject to extension by the bankruptcy court'." *In re Street*, 55 B.R. 763, 766 (Bankr. 9th Cir. 1985).

Some courts have held that Rule 3002(c) applies only to a creditor's filing a proof of claim on its own behalf and does not apply to a debtor's filing a proof of claim on the creditor's behalf. *See In re Solari*, 62 B.R. 31, 32 (9th Cir. BAP 1986); *In re Allen*, 68 B.R. 523 (Bankr.D.N.M.1986); *In re Demask, Inc.*, 62 B.R. 541, 541–42 (Bankr.S.D. Fla.1986); *In re Gingery*, 48 B.R. 1000, 1004–05 (D.Colo.1985); *In re Starkey*, 49 B.R. 984, 988–90 (D.Colo.1984); *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751, 752 (Bankr.N.D.Iowa 1983); *In re Higgins*, 29 B.R. 196, 200 (Bankr.N.D.Iowa 1983). *But see In re Schneider*, 51 B.R. 196, 197 (D.Colo.1984). These courts allow a debtor to file a proof of claim on the creditor's behalf even after the ninety-day period has passed as long as the debtor files the proof of claim within a reasonable period thereafter; the debtor has a reasonable explanation for the delay; the creditors will not be prejudiced; and there will be no reasonable delay in the administration of the case. *Solari*, 62 B.R. at 33; *Demask*, 62 B.R. at 542; 48 B.R. at 1005; 49 B.R. at 988–90; 33 B.R. at 752–53; 62 B.R. at 542; 29 B.R. at 199–200.

These cases are distinguishable on their facts. All involved a debtor petitioning the court to file a late proof of claim on behalf of the Internal Revenue Service for unsecured priority tax claims. If the debtor was not permitted to file a late proof of claim, the IRS's priority tax claims would be nondischargeable. The courts cited the legislative history of section 501(c) as their rationale for allowing the debtors to file

proofs of claims after the ninety-day period. The legislative history of section 501(c) states:

> The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

H.R.Rep. 595, 95th Cong., 1st Sess. 352 (1977); S.Rep. 989, 95th Cong., 2nd Sess. 61 (1978), *reprinted in* U.S.Code Cong. & Admin.News 1978, 5787, 5847, 6307–08.

Here the Browns are not requesting permission to file a late proof of claim on behalf of Blazer because they wish Blazer to share in the distribution of the estate, but rather because they wish to have this court disallow the claim on grounds which are convenient to their desired result. The Browns have had plenty of time to file a proof of claim on behalf of Blazer; no injustice would be worked if they are not allowed to do so now. Furthermore, the mandatory language of Rule 3002(c) does not lend itself to an interpretation that the rule applies to creditors but not to debtors or trustees. In the absence of clear statutory language or compelling equities indicating that the filing of proofs of claims by creditors, debtors, and trustees should be treated differently, this court will treat them the same. Because the Browns did not file a claim on behalf of Blazer within ninety days following the first meeting of creditors, there is no reason to grant them leave to do so now.

Although both *Collier*[5] and a case relying on *Collier*[6] declare a creditor's lien

5. The second area of statutory interpretation resolved by the 1984 amendment dealt with the relationship between section 506(d) and the provisions of section 502 relating to allowance of claims. Section 506(d) required as a precondition to the avoidance of a lien thereunder a request by a party in interest that the bankruptcy court determine and allow or disallow such claim under section 502. Subsections (a) and (b) of section 502, read together, require as a prerequisite to the allowance of claim the filing of a proof of claim with respect thereto. The debtor or trustee can file a proof of claim only if the holder of the

claim has not timely filed proof thereof. From the foregoing, questions arose as to whether the debtor or trustee could, pursuant to section 506(d), avoid a lien securing a claim concerning which proof had not been so filed and as to whether the actions taken by the party seeking avoidance of the lien constituted the type of request required by section 506(d) as a precondition to such avoidance.

may not be avoided under section 506(d) if a proof of claim has never been filed for the claim which the lien secures, the better reading of section 506(d) seems to be that in *In re Duncan.* Judge Gordon in *In re Duncan,* 60 B.R. 345, 347 (Bankr.M.D.Ala. 1986) stated:

> The disagreement with *Henninger* arises over the conclusion that the lien survives discharge of the claim in all cases if no proof of claim is filed. That conclusion seemingly fails to give proper meaning to the words 'due only' in § 506(d)(2) found in the phrase 'due only to the failure of any entity to file a proof of such claim'. We read § 506(d)(2) to mean that the lien is void under any other circumstance than that in which the claim is not being allowed as secured 'due only' to failure to file a proof of claim. If failure to file a proof of claim is the only circumstance, the lien will survive. If there is any other circumstance, the lien will not survive and is thus void.

In *Duncan* as in this "no asset" case the notice of the section 341 meeting advised creditors not to file a proof of claim since the debtors' schedules indicated that there would be no assets to distribute. A judgment creditor whose lien had been avoided under 11 U.S.C. § 522(f)(1) argued that under state law a judicial lien would attach to any of the debtors' future-acquired proper-

ty. However, the debtors intended to utilize section 506(d) to avoid any lien which would attach to property they might acquire in the future. The creditor contended that the debtors would be unable to use section 506(d) to avoid its lien since no proof of claim had been filed. Judge Gordon reasoned that the claim would not have been allowed as a secured claim anyway because the creditor's lien was without value, and held that the debtors' discharge released them from their obligation to the judgment creditor. *Id.* at 348. He stated:

> Obviously, the claim of this creditor was not allowed as secured, not solely because of absence of a proof of claim, but also because by definition of a secured claim under § 506(a) 'the value of such creditor's interest in the estate's interest in such property' was zero. The creditor has no secured claim to prove. Filing proofs of claims in cases such as this (and there are many) would not only serve no useful purpose, but would unnecessarily add to the workload of the court.
>
> Accordingly, if a claim based on a judgment lien is not an allowed secured claim due to absence of property in the estate to which the lien can attach, the lien is void.

*Id.* at 347–48.

■ In addition to the failure to file a claim the Browns cite two grounds upon

---

Most courts did not require that a proof of claim be filed prior to lien avoidance under section 506(d). Thus, complaints or applications to determine the status of the relevant claim under section 506(a), or similarly styled pleadings, were accepted as the requisite request under section 506(d) for allowance or disallowance. It is important to note that all pleadings so accepted provided for actual notice to the lienholder and an opportunity for a hearing. The mere scheduling of the relevant claim as unsecured was not adequate.

A minority view did require that a proof of claim be filed prior to lien avoidance, and it is this view that found expression under the amended statute. Accordingly, if an entity does not file a proof of claim or if the debtor or trustee does not so file after the holder has not timely filed, the lien will survive the discharge of the claim.

3 *Collier on Bankruptcy,* ¶ 506.07 at 506–68–70 (15th ed. 1986) (footnotes omitted).

**6.** In *In re Henninger,* 53 B.R. 60, 62 (Bankr.W.D. N.Y.1985), adopted the view expressed in *Collier:*

> Prior to the recent Bankruptcy Amendments and Federal Judgeship Act of 1984, the authorities were divided on whether the court could employ the lien avoidance provisions of section 506(d) absent a filed proof of claim. The minority view required that a proof of claim be filed before the court would give effect to the avoidance provisions of section 506(d). *In re Hotel Associates, Inc.,* 3 B.R. 340, 341 (Bkrtcy.E.D.Pa.1980). Most courts did not require that a proof of claim be filed. *In re Brager,* 28 B.R. 966 (Bkrtcy.E.D.Pa. 1983); 3 Collier on Bankruptcy, ¶ 506.07 at 506–61 (15th ed. 1985). It is the minority view which has found expression in the 1984 amendments. *Collier, supra,* at 506–62.... Accordingly, if no proof of claim is filed, the lien will survive the discharge of the claim. *Collier, supra,* at 506–62.

which Blazer's claim should be disallowed. First they cite 11 U.S.C. § 502 and Bankruptcy Rule 3001 to argue that a creditor's secured claim will not be allowed unless the proof of claim is accompanied by evidence of perfection. The technical argument is unpersuasive because what the Browns argue in essence is that a secured creditor is required to file a proof of claim under this rule even if the creditor is not seeking allowance of a claim for a deficiency. *See* Bankruptcy Rule 3001 advisory committee's notes. Blazer does not wish to participate in the distribution of the debtor's estate, but rather wants to replevin its collateral. There was no need for Blazer to file a claim, thus there certainly was no need for Blazer to file evidence of perfection of its security interest.

Under 11 U.S.C. § 541 property of the estate includes all of the debtor's property at commencement of the case including any property the debtor wishes to exempt. However, if a creditor has a valid lien on property that the debtor claims as exempt under section 522, the debtor or the trustee must avoid the creditor's lien on the property before the debtor will be allowed to keep the property free and clear of the creditor's interest. In this case the validity of Blazer's lien as against the Browns is not contested. The Browns seek, however, to exercise the powers of a trustee in bankruptcy to avoid the lien which is arguably unperfected and thus unenforceable by Blazer against third parties.

■ 11 U.S.C. § 522(c) enumerates when exempt property will continue to be liable for the debtor's obligations. 11 U.S.C. § 522(c) states in pertinent part that property exempted under section 522 will not be

> liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
>
> (2) a debt secured by a lien that is—
>
> (A)(i) not avoided under subsection (f) or (g) of this section or under 544, 545, 547, 548, 549, or 724(a) of this title; and

> (ii) not void under section 506(d) of this title.

If a creditor's lien has not been avoided under the Code sections enumerated in section 522(c)(2)(A)(i) or (ii), the debtor will not be able to exempt the encumbered property free and clear of the lien, and the lien will pass through bankruptcy unaffected. The Browns are not entitled merely by claiming an exemption in the vacuum cleaner to avoid Blazer's lien.

The Browns have not attempted to avoid the lien on their exempt property under section 522(f), (g) or (h) nor would they have been successful if they had. Under section 522(f) the debtor may avoid a judicial lien or a nonpossessory, nonpurchase-money security interest which impairs the debtor's exemptions. Blazer's lien on the Kirby vaccum cleaner is a purchase money security interest, therefore the Browns could not have utilized this section. Section 522(g) allows the debtor to exempt property which the debtor has involuntarily transferred. This section is inapplicable because a purchase money security interest is consensual. Finally, by its terms, if the debtor could not have avoided a transfer under section (g)(1) the debtor cannot meet the requirements of section 522(h).

Since the Browns have failed to avoid the lien under any of the applicable sections and the trustee has failed to avoid the lien under section 544, 545, 547, 548, 549 or 724(a), Blazer's lien on the Kirby vacuum cleaner will survive the debtors' discharge. The debtors' motions must be denied.