**In re James W. CAMPBELL and Mary Jo Campbell, Debtors.**

**Bankruptcy No. 92–3022–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 16, 1993.

B. Gray Gibbs, St. Petersburg, FL, for debtors.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

U.S. Atty. Gen., Philip Doyle, Dept. of Justice, Washington, DC, for U.S./I.R.S.

## ORDER ON MOTION TO VACATE ORDER GRANTING DEBTORS' MOTION TO COMPEL INTERNAL REVENUE SERVICE TO RELEASE LIEN

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a Motion filed by the United States of America/Internal Revenue Service (Government). The Motion under consideration is directed to a previous Order by this Court which was entered on July 7, 1993 and granted the Motion of James W. and Mary Jo Campbell (Debtors) compelling the Government to release a tax lien. In order to put the matter under consideration into proper context, it should be helpful to briefly review the procedural background of the matter under consideration.

On July 7, 1992, the Government filed a claim for unpaid taxes in the total amount of $76,945.31 in this Chapter 13 case. This claim was composed of a secured claim asserted in the amount of $63,244.31 and an unsecured priority claim in the amount of $13,701.00. An amended claim of the Government was filed on December 9, 1992. It was filed in the identical amount but the composition of the claim was changed to the extent that it asserted a secured claim in the amount of $20,000.00, an unsecured § 507(a)(7) priority claim in the amount of $47,676.94 and a general unsecured claim in the amount of $9,268.37. On October 13, 1992, the Debtors filed an objection to the first Proof of Claim of the Government, which was addressed to the secured portion of the claim, contending that the Debtors had no free assets to which a tax claim could attach and, therefore, the Government did not have an allowable secured claim. After proper service, the Debtors refiled their objection which was again based on the same allegation that the Government did not have an allowable secured claim. On December 11, 1993, this Court entered an Order and disallowed the first claim of the Government on the basis that it was superseded by the second claim. On February 25, 1993, the Debtors filed their objection to the second claim of the Government in which they contended that the properties to which the Government's tax lien attached should be limited to the value of a 1987 Ford pick-up truck and to the Debtors' equity in a mobile home stated to be $500.00.

Based on the foregoing, the Debtors contend that the allowable secured claim of the Government should be limited to secure a tax liability in the amount of $2,500.00 and the balance of the claim shall be merely an unsecured priority claim in part and a general unsecured claim in part. On April 20, 1993, this Court entered an Order and determined that the secured claim of the Government shall be limited to $3,725.00, the interest of the Debtors in the properties to which the tax lien attached.

On May 27, 1993, the Debtors filed a Motion and sought an order to compel the Government to release the tax lien. This Motion was based on the contention that the allowed secured claim of the Government was paid in full under the confirmed Chapter 13 Plan and, therefore, there is no longer an underlying obligation which is validly secured by the tax lien. Therefore, by virtue of § 1327 of the Code, the Debtors contend that all their properties are vested back to them free and clear of any claim of interest of any creditor provided for by the Plan.

The Debtors' Motion was duly scheduled for hearing but it appears that no one appeared on behalf of the Government. On July 7, 1993, this Court entered an Order and granted the Debtors' Motion and directed the Government to file a release of its notice of federal tax lien. This is the Order which is now sought to be set aside by the Government by its Motion filed on July 23, 1993, in which the Government contends that it did not receive notice of the hearing; that this Court had no jurisdiction over the Government; that the procedure is improper in that the issue raised requires an adversary proceeding; and that the Government was denied due process because it had no opportunity to present its position.

Based on the foregoing, the Government contends that pursuant to F.R.C.P. 60, as adopted by F.R.B.P. 9024, the Government is entitled to be relieved from the July 7, 1993 Order. In its Motion, the Government also contends that it has a valid and substantive defense which it was prevented to present and it should be given an opportunity to do so. On August 5, 1993, this Court entered an Order granting the Government's Motion and

vacating the Order which directed the Government to release its tax lien, but rescheduled a hearing to consider the merits of the Government's position.

These are the relevant events which occurred in this Chapter 13 case on which the Government contends that the Order which directed the Government to release its lien is improper notwithstanding the fact that it is without dispute that the allowed secured claim of the Government filed in this Chapter 13 case was paid in full. Particularly, it is the contention of the Government that while it concedes, as it must, that it no longer has an allowed secured claim in this Chapter 13 case, it having been satisfied, its tax lien must remain intact until the unsecured portion of the tax liability, including the § 507(a)(7) priority claim, is discharged pursuant to § 1328 of the Bankruptcy Code. or when the entire tax liability, represented by the priority tax claim, is satisfied in full. In opposition, the Debtors contend that since the allowed tax claim has been paid in full, there is no longer an underlying obligation which could support a lien and, therefore, the Debtors are entitled to an Order directing the Government to release the tax lien.

Ordinarily, the issue raised would not be difficult to resolve for the simple reason that it is axiomatic that in order to have a secured claim the claim must be secured not only "de jure," that is supported either by contract or by statute, but also "de facto" in that the property claimed to stand as security equals or exceeds the amount of the debt which the lien is supposed to secure. The Bankruptcy Code provides for the treatment of partially secured and partially unsecured claims in § 506, which applies to Chapter 13 cases by virtue of § 103, which provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim.

The difficulty stems from the fact that the lien under consideration is not a contractual lien, but is based on the Internal Revenue Code which in 26 U.S.C. § 6325(a)(1) provides that the tax lien shall remain and shall not be released until the obligation of the taxpayer is paid in full or became unenforce-

able. The Government concedes as it must, as noted earlier, that it no longer has an allowed secured claim in this Chapter 13 case but contends that the lien shall remain intact even though at this time there is no property to which the lien attaches. To accept the proposition urged by the Government presents some problems because it is difficult to conceptualize a lien in a vacuum that is a lien which does not encumber and attaches to a specific, identifiable property. The Government is apprehensive that in the event this Chapter 13 case aborts and the Chapter 13 is dismissed, the Government's position would be put in jeopardy if its lien is not preserved because the Debtor may encumber the properties by granting liens to parties who have no notice of the Government's lien, and thus prime the Government's position.

Counsel for the Debtor cites *In re Hargis*, 103 B.R. 912 (Bank.E.D.Tenn.1989) for the proposition that it is entitled to have an Order directing the Government to release the lien. In *Hargis*, the debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. Jernigan's Furniture filed a Proof of Claim in the amount of $2,237.37, which was secured by certain items of furniture in which Jernigan's held a purchase money security interest (PMSI). The collateral was valued at $1,760.00, and the secured portion of the claim was scheduled to be paid through the Chapter 13 plan. The unsecured portion was also to be paid in full. The Chapter 13 plan was confirmed, but the case was later converted to a Chapter 7 case. At the time of conversion, the secured claim had been paid in full, but the unsecured portion had a remaining balance of $245.00. Jernigan's asserted a PMSI in the collateral to the extent of the unpaid balance of the account. The debtors declined to recognize the PMSI in the collateral because the secured portion of the claim had been paid through the Chapter 13 plan. Thereafter, Jernigan's filed a Motion for Relief from Stay because it claimed to have a PMSI in the collateral it wanted to repossess. The Bankruptcy Court ruled in favor of the debtors, stating that once a debtor in a Chapter 13 case paid in full the allowed amount of an undersecured creditor's secured claim, the lien on the collateral is satisfied and does not "spring back into existence" to secure all or a portion of the creditor's remaining claim upon conversion to a Chapter 7 case.

■ Although this Court agrees with the decision reached in *Hargis*, the lien under consideration in this case is not a contractual lien as in *Hargis*. The present lien is a tax lien governed by the Internal Revenue Code 26 U.S.C. § 6325(a)(1), which states:

(a) **Release of lien.**—Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which—

(1) **Liability satisfied or unenforceable.**—The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable.

These provisions of the Internal Revenue Code no doubt govern the procedures to release tax liens outside of Bankruptcy. However, it is evident that these provisions are in direct conflict with § 506(d) which provides:

§ 506 **Determination of secured status**

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

   .     .     .     .     .

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

In light of a clear Congressional mandate that the provisions of Chapter 13 shall be construed liberally in favor of Debtors who are making a sincere effort to repay their debts either in full or, at least, in part, this Court is constrained to reject the Government's proposition and conclude that § 506(d) shall prevail and the conflicts shall be resolved in favor the Debtor and against the Government. The fear of the Government that the tax claim of the Government will be put in jeopardy if a Chapter 13 case aborts and is dismissed and the intervening consensual lien which may be placed on the properties of the Debtor might prime the Government of any attempt to establish a tax

lien is too remote and far fetched to compel the Court to arrive at a different conclusion.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Order Granting Debtors' Motion to Compel Internal Revenue Service to Release Lien filed by the United States of America/Internal Revenue Service be, and is hereby, denied. Upon reconsideration this Court is satisfied that the previous Order of this Court which ordered the Government to release tax lien shall be reaffirmed.

DONE AND ORDERED.