**In re Rufus HENDRIX, Debtor.**

**Bankruptcy No. 91–60714.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

Dec. 28, 1994.

Maxie Higgason, Corbin, KY, for debtor.

William Rounsborg, Washington, DC, for I.R.S.

Sidney White, Chapter 13 trustee, Lexington, KY.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the debtor's Motion for an Order avoiding the lien of the Internal Revenue Service ("I.R.S.") on certain real property, filed herein on June 1, 1993. The debtor filed his Memorandum in Support on November 22, 1993, and the I.R.S. filed its Response on December 20, 1993. An Agreed Order setting the briefing schedule in this matter had been entered previously. That Order, however, did not contain language submitting the matter for decision upon the completion of the briefing schedule, hence the delay in its consideration for decision by this Court.

The debtor states that the property in issue is his residence in Harlan County, Kentucky, valued on his schedules at $43,000.00. He states that Commercial Bank of Middlesboro held a first mortgage of $55,563.00 against the property. However, the proof of secured claim filed by Commercial Bank lists the indebtedness as $36,948.02, and there is no evidence of record to support the debtor's figure. The debtor further states that after his Chapter 13 plan was confirmed in 1992, the I.R.S. lien was noted during a title examination conducted in regard to this property.

The I.R.S., although scheduled as a creditor herein, did not file a claim. The debtor contends that he may avoid the I.R.S.'s lien pursuant to 11 U.S.C. § 506(d), which provides as follows:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The debtor does not address the limiting language of § 506(d)(2).

Apparently in regard to the allowance of the claim, the debtor cites 11 U.S.C. § 1327,

but does not discuss its implications. He goes on to say that the I.R.S. cannot possibly have an allowed secured claim because of what he terms the "over secured status" of Commercial Bank. This appears to be an argument that Commercial Bank's claim encompasses the value of the property. This is incorrect, however, as Commercial Bank's secured claim is in the amount of $36,948.02, which is less than the value of the property.

■ Neither the debtor nor the I.R.S. discusses the possibility of the debtor's assertion of his homestead exemption. There is enough equity in the property to warrant such an assertion; however, as stated by the court in *In re May Reporting Services, Inc.,* 115 B.R. 652 (Bkrtcy.D.S.D.1990):

[a] federal tax lien, arising under 26 U.S.C. § 6321 gives the United States a lien 'upon all property and rights to property' of the taxpayer owned when the lien arose and acquired afterwards. .... (Cites omitted). The lien attaches to the debtor's property which is otherwise exempt from levy under state law. *Knox v. Great West Life Assur. Co.,* 212 F.2d 784, 785 (6th Cir.1954); *U.S. v. Ott,* 166 F.Supp. 13, 18 (E.D.Mich.1958); *Matter of Beard,* 112 B.R. 951, 954 (Bankr.N.D.Ind.1990).

115 B.R. at page 656. The court in *Knox v. Great West Life Assur. Co.,* supra, had held that "[e]xemptions provided by state laws are ineffective against the statutory liens of the United States for federal taxes." At page 785. It seems clear, therefore, that the I.R.S.'s lien takes precedence over any assertion of a state law exemption.

■ The I.R.S. admits that its claim is not an allowed claim, but points to the language of § 506(d)(2), *supra,* as operating to remove cases in which no claim has been filed from the lien avoidance provision. This reasoning assumes, however, that the only reason that the claim is not an "allowed secured claim" is because a proof of claim was not timely filed. The assumption that its lien survives unaffected is based on the I.R.S.'s contention that the Supreme Court's holding in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), applies herein.

The majority of courts agree, however, that the *Dewsnup* rationale does not extend to Chapter 13 cases. As the Sixth Circuit Court of Appeals recently stated in *In re Burba,* 1994 WL 709314, Slip Op. No. 93–6479 (November 10, 1994):

Although in *Dewsnup,* the Supreme Court held that § 506(d) could not be used to void a secured creditor's lien in Chapter 7, the Supreme Court did not address the ability of debtors to 'lien strip' under other Code chapters, specifically distinguishing reorganization chapters....

After the Supreme Court decision in *Dewsnup,* most courts agree that *Dewsnup,* which involved a Chapter 7 petition in regard to real property, does not prevent a strip down of a secured creditor's lien in Chapter 13 because different rules apply in Chapter 13 cases. (Cites omitted.)

Slip Op., at pp. 10–11. Therefore, insofar as the I.R.S. relies on the result in *Dewsnup* in this matter, its position is unsupported.

The debtor's argument that the I.R.S. cannot have a lien on his property because there is no value in the property to which the lien may attach is invalid because the record in this case does not indicate that the amount of Commercial Bank's mortgage is $55,563.00. The amount of the mortgage is, in fact, less than the stated value of the property.

Based on the premise that Commercial Bank's mortgage is $55,563.00, the debtor cites *In re Campbell,* 160 B.R. 198, 201 (Bkrtcy.M.D.Fla.1993), in support of the contention that an I.R.S. lien which is inferior to a first mortgage indebtedness which fully envelopes the value of the property can be ordered released. In that case the Chapter 13 debtors were determined to be entitled to have an I.R.S. statutory tax lien released after the I.R.S.'s allowed secured claim was paid in full under the debtors' confirmed plan, even though the I.R.S.'s unsecured priority claim and general unsecured claim had neither been discharged nor paid in full.

Even assuming that the debtor's mortgage figure was correct, there is an obvious difference in the *Campbell* case and the matter herein. In *Campbell,* Judge Paskay determined that once the I.R.S.'s secured claim was paid in full under the plan, the debtors no longer had any free assets to which the tax claim could attach and there was no longer an underlying obligation validly se-

cured by the tax lien. *Id.*, at pp. 199–200. Here the I.R.S. has been paid nothing, its claim not even provided for in the plan because the claim was never filed.

The other cases cited by the debtor, *In re: Michael D. Brown,* 73 B.R. 740, 16 B.C.D. 5 (W.D.Wis.1987), reported in Bankruptcy Reporter as *Matter of Brown,* 73 B.R. 740 (Bkrtcy.W.D.Wis.1987), and *In re Duncan,* 60 B.R. 345 (Bkrtcy.M.D.Ala.1986) are Chapter 7 cases and their discussions of the effect of § 506(d) on lien avoidance, now incorrect in light of *Dewsnup,* are irrelevant in this instance.

■ By applying § 506(a) to determine what part, if any, of the I.R.S.'s claim is secured, it may be seen that it is secured to the extent that the debtor has any equity in his property over and above Commercial Bank's mortgage, i.e., the difference between $43,000.00 and $36,948.02, or $6,051.98. Pursuant to § 506(d)(2), therefore, the I.R.S.'s lien may not be avoided to the extent that there is equity in the property over and above the underlying mortgage. The debtor may therefore avoid the lien of the I.R.S. to the extent that it exceeds $6,051.98. An order in conformity with this opinion will be entered separately.